Dear Representative Krieger:
This office in in receipt of your letter dated July 20, 1992 directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
On behalf of the St. Tammany Levee Board, you express several concerns regarding House Bill 404, now Act 838 of the 1992 legislative session. We address each item as enumerated in your request.
 (1) Newly enacted LSA-R.S. 38:304.1(A) appears to contradict LSA-R.S. 38:304(A).
LSA-R.S. 38:304(A), as amended, provides:
 "Any person appointed a levee commissioner or levee and drainage commissioner must have resided in this state the preceding two years, resided in the levee district the preceding year, be a qualified voter of one of the parishes included in the district, and reside in the district while serving as a member of the board, except as provided in R.S. 38:304.1." (Emphasis added).
The newly enacted legislation, LSA-R.S. 304.1(A), states:
 "Any person appointed a levee commissioner of the St. Tammany Levee District shall be a permanent resident of the area each represents."
We are of the opinion there is no conflict between these statutes. The amendment to LSA-R.S. 38:304 acknowledges the additional requirement of permanent residency pertaining to those members of the St. Tammany Levee District. Rules of statutory construction dictate laws in pari materia are to be construed together. LSA-C.C. art. 13. Two laws enacted at the same legislative session which are not in direct, irreconcilable conflict will each be given effect, and all requirements of the two laws, overlapping or supplementary to one another, must be complied with. Attorney General Opinion Number 87-459. An examination of these statutes indicate that a St. Tammany Levee District appointee must now be a permanent resident of the area which he represents. The appointee must also meet the remaining qualifications for office, namely, having a previous two-year residency in the state, a year's residency within the levee district, and status as a qualified voter of one of the parishes included within the district.
 (2) The subdivisions within the district are cartographic areas not having a body politic nor organizational structure; and a qualified individual may be overlooked because he is not a member of a homeowner's association.
We find no statutory requirement mandating that the areas designated have a "body politic" or a specific "organizational structure". Further, whether someone is prejudiced in the nominating process because he is not a member of a homeowners' association does not require comment from this office, but is a matter best resolved by those concerned seeking a legislative remedy.
 (3) Newly enacted LSA-R.S. 38:304.1(E) restricts the basic criteria for providing flood protection under LSA-R.S. 38:306(A); and any commissioner exercising such veto power which may jeopardize the integrity of a flood control project would be subject to civil and possibly criminal prescriptions.
LSA-R.S. 38:306(A) provides:
 "Each board of commissioners may buy and hold or sell and transfer titles to property, make and execute contracts, and do and perform any and all acts necessary to insure the thorough and adequate protection of the lands of the district from damage by flood, and, in the case of levee and drainage boards, for the adequate drainage control of the district."
Newly enacted LSA-R.S. 38:304.1(E) provides:
 "Any member of the [St. Tammany Levee District] board of commissioners shall have the right to veto any project, structure, or alteration within the boundaries represented by that member."
By its terms, LSA-R.S. 38:304.1(E) does give veto power to a member of the St. Tammany Levee District Board of Commissioners regarding flood structures. It is within the domain of the legislature to make this allocation of veto power in addition to providing civil and criminal penalties. It is not within the province of this office to comment on the propriety of the enactment.
 (4) Newly enacted LSA-R.S. 38:344(A-D), (F) and (H) restricts the basic authority granted to levee districts under LSA-R.S. 38:306(A). Such restrictive regulation of the basic requirements that levee district commissioners "do and perform all acts necessary to insure the thorough and adequate protection of the lands of the district from damage by flood . . ." are inconsistent with the intent of the law.
Although this statement may be accurate in the application of the new enactment, it does not present for our review a question requiring our interpretation of the law in a factual context. Again, it is not our purpose to comment on the appropriateness of specific legislation.
 (5) Section 2 of Act 838 is contrary to the authority granted to all levee districts under LSA-Const. art. VI, § 39 (1974) and is thus patently unconstitutional.
Section 2 provides:
 "Effective twelve months from the effective date of this Act, the five-mill tax currently levied by the St. Tammany Levee District shall cease being levied if the registered voters in the levee district approve the parcel fee provided for in this Act. In the event the parcel fee is not approved by the electorate, the five mill levee district tax shall continue to be levied until August 4, 1996, on which date it shall expire."
LSA-Const. Art. VI, § 39 provides:
 "District Tax; Millage Limit. For the purpose of constructing and maintaining levees, levee drainage, flood protection, hurricane flood protection, and for all other purposes incidental thereto, the governing authority of a levee district may levy annually a tax not to exceed five mills. . . ."
Although the argument could be made that Section 2 is in derogation of the authority to tax granted the levee district by constitutional provision, this office is not the appropriate forum for that determination. The constitutional validity, or lack thereof, of a legislative enactment is a question ultimately decided only after judicial review.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0110E